

**FILED**

APR 3 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) The Honorable John W. Darrah
)
)
) No. 08 CR 58
DANIEL VELASQUEZ )

## PLEA DECLARATION

The defendant, DANIEL VELASQUEZ, after extensive consultation with his attorney, SERGIO RODRIGUEZ, acknowledges and states the following:

1. He has been charged in a two-count indictment.

- Count One charges that, on October 21, 2003, defendant knowingly possessed a firearm, namely, one Raven Arms, Model MP-25, .25 caliber pistol, serial number 1191794, in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to defendant's possession of said firearm, after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

- Count Two charges that, on November 24, 2003, defendant knowingly possessed a firearm, namely, a Phoenix Arms, Model Raven, .25 caliber pistol, serial number 3196710, and 35 rounds of .25 caliber ammunition, in and affecting interstate commerce in that the firearm and ammunition had

1

traveled in interstate commerce prior to defendant's possession of the

firearm and ammunition, after having previously been convicted of a crime

punishable by a term of imprisonment exceeding one year.

2.  He has read the charges against him contained in the indictment, and those

charges have been fully explained to him by his attorney.

3.  He fully understands the nature and elements of the crimes with which he has

been charged.

4.  He will enter a voluntary plea of guilty to violating two counts of 18 U.S.C.

§ 922 (g)(1).

Factual Basis

5.  He will plead guilty because he is in fact guilty of the charges stated in the

indictment.  In pleading guilty, Mr. Velasquez acknowledges the following facts which

establish his guilt:

a.  With respect to Count One of the indictment:

On or about October 21, 2003, defendant knowingly possessed one Raven Arms,

Model MP-25, .25 caliber pistol, serial number 1191794 ("the Ravens Arms pistol").

Defendant sold the Ravens Arms pistol to undercover agents with the Bureau of Alcohol,

Tobacco and Firearms ("ATF") for $250.  Prior to October 21, 2003, the Ravens Arms

pistol had traveled in interstate commerce insofar as the Ravens Arms pistol was

manufactured outside the state of Illinois.  In addition, prior to October 21, 2003,

2

defendant had been convicted of at least one crime which is punishable by a term of imprisonment exceeding one year:

b.  With respect to Count Two of the indictment:

On or about November 24, 2003, defendant knowingly possessed one Phoenix Arms, Model Raven, .25 caliber pistol, serial number 3196710 ("the Phoenix Arms pistol"), and 35 rounds of .25 caliber ammunition.  Defendant sold the Phoenix Arms pistol and ammunition to ATF undercover agents for $250.  Prior to November 24, 2003, the Phoenix Arms pistol and 35 rounds of .25 caliber ammunition had traveled in interstate commerce insofar as the Phoenix Arms pistol and 35 rounds of .25 caliber ammunition were manufactured outside the state of Illinois.  In addition, prior to November 24, 2003, defendant had been convicted of at least one crime which is punishable by a term of imprisonment exceeding one year:

Potential Penalties

6.  Mr. Velasquez understands that the penalties to the charges to which he will plead guilty, may be contingent of a finding of whether or not he is found to be an armed career criminal, if he has more than three prior convictions for crimes that are considered crimes of violence or serious drug offenses.  Depending on whether or not Mr. Velasquez has such qualifying past convictions, the counts to which he will plead guilty to carry the following penalties:

3

a. Count One

If as, the government believes, Defendant does have three prior convictions for qualifying felonies, then, Count One carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count One also carries a maximum fine of $250,000, and the court may impose a term of supervised release of not more than five years. If Defendant does not have three or more qualifying convictions, then the maximum sentence for this count is 10 years incarceration, with no mandatory minimum, along with the rest of the above penalties. Defendant is conducting an ongoing investigation as to his priors and does not take a position as to his prior criminal history.

b. Count Two

The same penalties apply to Count Two.

c. Maximum Sentence for Combined Counts

Therefore, if the defendant is found to have at least three qualifying convictions, the total maximum sentence of incarceration is life imprisonment, and the minimum sentence is 15 years' imprisonment. If he does not have three qualifying convictions, then the maximum term of incarceration is 20 years, with no mandatory minimum sentence. In addition, defendant will be subject to a total maximum fine of $250,000, and a period of supervised release of no more than five years.

### Sentencing Guidelines Calculations

7.  Mr. Velasquez understands that, although they are now merely advisory, this Court will be guided by the United States Sentencing Guidelines in determining a reasonable sentence in his case.  These are defendant's preliminary calculations, :

(a)  It is defendant's position that the Guidelines in affect in 2003 should be applied and that both counts will group.

(b)  If Mr. Velasquez is found to be an armed career criminal, then, pursuant to Guideline § 4B1.4(3)(5), the base offense level for the offenses would be 33.  If Mr. Velasquez is not found to be a career offender, then pursuant to Guiline §2K2.1, if he is found to have convicted of two prior qualifying crimes, then the base is 24, or if he is found to have been convicted of one qualifying crime, then the base is 20.  Mr. Velasquez does not believe any other enhancements would apply.

(b)  Mr. Velasquez submits he has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his actions and criminal conduct and has notified the government of his intention to plead in a manner that conserved court resources.  Therefore, a three-level reduction in the offense level is appropriate under § 3E1.1(a) and (b)

(d)  Mr. Velasquez's takes no position as to his criminal history category.  The government believes he is in criminal history category IV.

5

8. Mr. Velasquez also understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 for each count of conviction, in addition to any other penalty imposed.

Trial Rights and Appellate Rights

9. Mr. Velasquez understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant maintained his plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c ) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

10. Mr. Velasquez understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Velasquez admits that he is guilty and agrees that he should be found guilty. Mr. Velasquez's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Velasquez further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of

7

this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

11. Mr. Velasquez understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Velasquez further understands that he will be able to present evidence in mitigation at the time of sentencing.

12. Mr. Velasquez understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

13. Should the judge refuse to accept Mr. Velasquez's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept Mr. Velasquez's plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Rules of Criminal Procedure 11(e)(6)(A), ©, and (D).

14. Mr. Velasquez agrees that this Plea Declaration shall be filed and become part of the record of the case.

8

15. Mr. Velasquez and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Velasquez further acknowledges that he has read this Plea Declaration and carefully reviewed each provision.

Signed this 30 day of April, 2008

_____
Daniel Velasquez, Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Sergio F. Rodriguez
Attorney for Defendant

SERGIO F. RODRIGUEZ
FEDERAL DEFENDER PROGRAM
55 East Monroe Street
Suite 2800
Chicago, IL 60603
(312) 621-8300

9